CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 09 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROY ALLEN THOMAS, JR., ) <br> Plaintiff, ) <br> ) <br> ) <br> ) <br> v. ) <br> ) <br> MAILROOM, et al., ) <br> Defendants. ) | Civil Action No. 7:05-CV-00242 <br><br> **MEMORANDUM OPINION AND ORDER** <br><br> By: Samuel G. Wilson <br> United States District Judge |

This matter is before the court on plaintiff Roy Allen Thomas's motion for a temporary restraining order and preliminary injunction. Plaintiff's motion fails to demonstrate any prospective imminent harm. Thomas merely states that he complained about not being compatible with his cell mate and was questioned by correctional officers as to whether he is "pushing the 'paperwork.'" He also states that officers examined his legal mail and paperwork during a cell "shake-down." As there is no basis for injunctive relief, the court denies Thomas's motion.

A district court should issue preliminary injunctive relief sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if relief is denied; 2) the injury to the defendants if relief is granted; 3) the likelihood that plaintiff will succeed on the merits; and 4) whether it is in the public's interest to grant relief. Wetzel v. Edwards, 635 F.2d 283, 287 (4th Cir. 1980), (citing, Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977)). Without a showing that plaintiff will suffer actual imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales,

Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991); Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997). As such, Thomas must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991)(citation omitted). Thomas's motion for a temporary restraining order and a preliminary injunction fails in that regard..

Accordingly, it is **ORDERED** that Thomas's motion for a temporary restraining order/preliminary injunction is **DENIED**.

The Clerk is directed to send certified copies of this order to the plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This September 9, 2005.

United States District Judge

2