CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 10 2006
JOHN F. CORCORAN, CLERK
BY:
　　　　DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROY ALLEN THOMAS, JR., ) | |
| 　　Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:05cv00242 |
| ) | |
| MAIL ROOM STAFF, et al., ) | |
| 　　Defendants. ) | By: Hon. Michael F. Urbanski |
| ) | United States Magistrate Judge |

## REPORT AND RECOMMENDATION

Plaintiff Roy Allen Thomas, Jr., a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C § 1983, with jurisdiction vested under 28 U.S.C. §1343. Plaintiff alleges that defendants violated his Eighth Amendment rights by utilizing an excessive amount of force to restrain him on December 28, 2004, and by subsequently denying him adequate medical care to treat injuries incurred during that use of force. He further alleges that defendants have interfered with his ability to correspond with his family and the courts and refuse to process his grievances.

This matter is now before the court on defendants Ruth Hale and Nurse D. Yates' separate motions to dismiss and the institutional defendants'[1] motion to dismiss or in the alternative motion for summary judgment. Upon review of the record the undersigned finds that Thomas fails to state a claim on which relief can be granted and thus recommends that his complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).[2]

---

[1] Officer Michael Bradley, Officer O'Quinn, Officer Dupuie, Sgt. Andy Kilborne, Sgt. Deel, Major Richard Fleming, Lt. McCoy, Lt. Robinson, Captain Chris, Officer Dearman, Sgt. Blevins, Sgt. T. Adams, Lt. S. Mullins, Lt. Younce, Sgt. McMullins, Officer Lamber, Warden Tracy Ray, Officer Dingus, the Director of Health Services and the Director of the Department of Corrections

[2] As the undersigned finds that plaintiff has failed to state a claim on which relief may be based, the court need not address the issue of defendants alleged hindrance of plaintiff's ability to utilize the institutional grievance system and thus exhaust all available administrative remedies.

# I.

Plaintiff alleges on or about December 27, 2004, at 8:00 p.m., he informed correctional officers Lt. McCoy and Captain Chris that he saw another officer make a knife and put it in the "office." He then claims that those officers began searching for the knife, but were unable to find it. Thereafter, Thomas states that he was questioned regarding who made the knife and the location of the knife, but he refused to provide any further information.

The following day, Thomas was taken to Sgt. Kilbourne's office and further questioned regarding the alleged knife. Again he refused to provide any further information about the knife, and then, Thomas denied having told the officers about the knife at all and repeatedly told officer he was not a "snitch."[3] Thereafter, Sgt. Kilbourne ending the interview and ordered Thomas be returned to his cell. Thomas then alleges that Officer Dingus grabbed his left arm and Officer Dupuie grabbed his right arm and "carried" him up the steps to his cell. Although unclear, Thomas appears to allege that throughout the questioning and while being returned to his cell, he was wearing leg shackles and his hands were restrained behind his back. Once Thomas was returned to his cell, he got on his knees, on his own accord, to have his leg shackles removed. Thomas admits the leg shackles were removed, but claims that at the same time Dupuie tightened his handcuffs, causing him so much pain he began to cry. Thereafter, the officers immediately left the cell and ordered Thomas to back up to the tray slot to have his cuffs removed. However, Thomas alleges that the Dupuie "jerk[ed]" the cuffs causing a "BIG MARK" on his wrist. Thomas states that as a result of the jerking of his wrists his right hand swelled and he is having pain in his shoulders. He further complains that as he suffers from high

---

[3]The court notes that Thomas' complaint is extremely disorganized and is often contradictory. However, it is clear that he admits that on December 27, 2004, he told correctional officers he had seen another officer make and hide a knife, and on the following day he told the same correctional officers he had seen no such thing and made no such report.

2

blood pressure and uses an inhaler, the officers actions could have caused him severe injury or death.

Thomas then claims that he requested medical attention related to injuries associated with the alleged use of excessive force, however he states that Nurse Yates tried to "cover up" his injury by not questioning him extensively about the cause of his injury and by refusing to take x-rays of his wrist. Thomas admits, however, that he did not complain to Yates of any extreme pain or discomfort and admits that she did in fact visually inspect his wrists, noticed that his wrists were a little red, and determined that no further treatment was necessary.

Thomas also alleges that prison employees are hindering his ability to communicate with the courts and with his family by opening his mail before it is mailed and by delaying in processing his mail and grievances.

## II.

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

### A.

As a threshold matter, "Mail Room Staff," "Risk Management," the Commonwealth of Virginia, and the Wise County General District Court, are not "person[s]" and therefore, are not

3

proper defendants in a §1983 action. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). Accordingly, the undersigned recommends all claims filed against those parties be dismissed.

### B.

Thomas alleges that he was subjected to an excessive use of force when correctional officers allegedly gripped him by his arms and carried him up one flight of stairs and by excessively tightening his handcuffs. To establish an Eighth Amendment excessive force claim against a prison official, an inmate must satisfy a two-prong standard comprised of both a subjective inquiry (whether the defendant acted with a sufficiently culpable state of mind) and an objective inquiry (whether the harm plaintiff suffered was sufficiently serious enough to amount to a constitutional violation). Williams v. Benjamin, 77 F.3d 756, 761 (1996).

The subjective component of an excessive force claim requires an inmate to demonstrate that the force used by an institutional official, "inflicted unnecessary and wanton pain and suffering." Hudson v. McMillian, 503 U.S. 1, 7 (1992). In evaluating such a claim, "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Id. (quoting Whitley v. Albers, 475 U.S. 312, 32-21 (1986)). The Supreme Court and the Fourth Circuit have set out the following factors to consider in determining whether a prison official acted maliciously and sadistically: "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Hudson, 503 U.S. at 7 (1992) (quotations omitted); Williams, 77 F.3d at 762.

4

Also, the inmate must prove the defendants' actions were "'objectively harmful enough' to offend 'contemporary standards of decency.'" Stanley v. Hejirika, 134 F.2d 629, 634 (4th Cir. 1998) (quoting Hudson, 503 U.S. at 8). Although there is no requirement that an inmate suffer "serious" or "significant" pain or injury to demonstrate that a malicious or sadistic use of force was employed, he must allege "more than a de minimis pain or injury." Norman v. Taylor, 25 F.3d 1259, 1263 n. 4 (4th Cir. 1994). "[A]bsent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998). However, a de minimis physical injury may amount to an Eighth Amendment violation if the force used was of the sort "repugnant to the conscience of mankind." In Norman v. Taylor, the Fourth Circuit stated:

> We recognize that there may be highly unusual circumstances in which a particular application of force will cause relatively little, or perhaps no, enduring injury, but nonetheless will result in an impermissible infliction of pain. In these circumstances, we believe that either the force used will be "of a sort 'repugnant to the conscience of mankind,'" and thus expressly outside the de minimis force exception, or the pain itself will be such that it can properly be said to constitute more than de minimis injury.

25 F.3d at 1263, n. 4 (citations omitted).

According to Thomas, Officer Dingus and Officer Dupuie used an excessive amount of force by gripping him by his upper arms and lifting him up one flight of stairs. Although unclear, Thomas appears to claim that as a result of the officers using his arms to lift him, he suffered some pain in his shoulders and his arms went numb. However, Thomas does not allege any continuing pain or numbness related to this incident.

Furthermore, Thomas has failed to allege any facts which establish those extraordinary circumstances on which a plaintiff can prevail on an excessive force claim when he suffers only de minimis injury. Taylor, 155 F.3d at 483. "[N]ot...every malevolent touch by a prison guard

5

Case 7:05-cv-00242-SGW-mfu Document 32 Filed 01/10/06 Page 5 of 10 Pageid#: 204

gives rise to a federal cause of action." Riley v. Dorton, 115 F.3d 1159, 1167 (4th Cir. 1997). And merely a lack of due care for the prisoner's interests and safety fails to show the use of force which is "repugnant to the conscience of mankind." See Whitley v. Albers, 475 U.S. 312, 319 (1986)(finding that the infliction of pain in the course of a prison security measure, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense).

Although Thomas claims that the officers "carried" him up the stairs, he admits his feet touched each step on the stairs. Furthermore, Thomas admits that at that time he was being "carried" his legs were shackled and his hands were restrained behind his back. Accordingly, officers could have reasonably concluded that Thomas needed some assistance in negotiating the stairs. And although, the officers may have provided more assistance than was absolutely necessary by gripping Thomas by his arms and helping to lift him to the next stair, the undersigned finds that this alleged use of force does not present the highly unusual circumstances which result "in an impermissible infliction of pain" or was "of a sort repugnant to the conscience of mankind." Id; see Norman, 25 F.3d at 1263, n. 4.

Thomas also alleges that Dupuie excessively tightened his handcuffs once he was returned to his cell, causing him such pain he began to cry. He further complains that when Dupuie removed the handcuffs he pulled his arms causing Thomas' hands and arms to jerk backwards through the tray slot resulting in a "BIG MARK" and some swelling on his wrist. "[T]emporary swelling and irritation is precisely the type of injury this Court considers de minimis." Taylor, 155 F.3d at 484. Accordingly, the undersigned finds that any injury related to

6

the allegedly too tight cuffs and jerking of his hands are de minimis and do not amount to a constitutional violation.

Furthermore, although Thomas complains that the handcuffs were tightened excessively, he admits that immediately after they were tightened Dupuie exited his cell, closed the cell door, ordered Thomas to back up to the tray slot, and removed the handcuffs. Accordingly, it is clear that even if true, Thomas wore the excessively tightened cuffs for a very brief period. As to his claim that his hands were jerked, the court finds that some jostling and even a "jerk[ing]" of an inmate's arms and hands while removing handcuffs through a narrow tray slot is both reasonable and expected. Therefore, the court finds that this does not present those "extraordinary" circumstances in which a plaintiff can prevail on an excessive force claim when he suffers only de minimis injury. See Taylor, 155 F.3d at 483.

**B.**

Thomas also alleges that he was denied adequate medical care related to his injuries stemming from the alleged jerking of his arms through the tray slot. In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). "'A serious medical need' is 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Shelton v. Angelone, 183 F.Supp.2d 830, 840 (W.D.Va. 2002) (quoting Cox v. District of Columbia, 834 F.Supp. 439, 441 (D.D.C. 1992)). A

claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment generally does not state a cognizable constitutional claim under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Moreover, claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975).

Thomas claims that Nurse Yates provided inadequate medical treatment by failing to adequately examine and/or treat his wrist injury. He further claims that Yates failed to extensively question him regarding the injury or to take x-rays of his injured wrist, so she could not have made an accurate entry in his chart regarding the injury. Thomas purports that this is evidence of the fact she was engaged in a cover-up with prison officials regarding the alleged use of excessive force. However, Thomas admits that the only visible injury he had was a "BIG MARK" on his wrist and that he did not complain to Yates of any extreme pain or discomfort. Further, Thomas admits that Yates observed his injury, noted that his wrists were a little red, and determined that no further treatment was necessary. Thus, this claim amount to nothing more than a patient-medical staff disagreement over diagnosis and treatment, which is not actionable under the Eighth Amendment.

### C.

Thomas further alleges that defendants have hindering his ability to communicate with the courts by delaying the processing of his mail and grievances and with his family by opening his mail before it is mailed. Inasmuch as a state grievance procedure does not confer any substantive right upon prison inmates, a prison employee's failure to comply with the state's grievance procedure is not actionable under § 1983. Adams v. Rice, 40 F.2d 72 (4th Cir. 1994).

Accordingly, any delay in a response to grievances or to properly process complaints does not raise a claim of constitutional magnitude.

Further, although reasonable access by prisoners to both state and federal courts is a guaranteed right, in addition to showing some interference with this right or some deficiency in the legal resources available to him, an inmate claiming officials have denied him access to the courts must produce evidence of actual injury or specific harm related to litigation involving a challenge to the conditions of his confinement or the fact of his confinement. See Ex parte Hull, 312 U.S. 456 (1941); Procunier v. Martinez, 416 U.S. 396 (1974); Lewis v. Casey, 518 U.S. 343 (1996); Strickler v. Waters, 989 F.2d 1375 (4th Cir. 1993).

Although Thomas complains that prison officials are denying him access to the court by delaying in processing his mail, plaintiff's filing of the instant suit and subsequent motions in this matter suggests that prison officials have not substantially hindered his ability to correspond with the courts. Furthermore, Thomas has not alleged that the opening of his mail or a delay in the processing of his mail has in any way affected a pending case or caused him to miss any court imposed deadlines. As such, he has failed to demonstrate any actual injury or specific harm; and, therefore fails to state a claim under the First Amendment.

Additionally, as outgoing and incoming mail may be opened and inspected by prison officials, even assuming prison personnel are opening and inspecting Thomas' personal mail, the opening, inspection, and any resultant delay does not state a claim of constitutional significance. See Altizr v. Deeds, 191 F.3d 540, 548-49 & n.14 (4th Cir. 1977).

### III.

For the reason stated above it is recommended that the defendants' motions to dismiss be granted and this 42 U.S.C. § 1983 complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The clerk is directed to immediately transmit the record in this case to the Honorable Samuel G. Wilson, United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note objections, if they have any, to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusions of law rendered herein by the undesigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C § 636(b)(1) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by the reviewing court as a waiver of such objection.

Further, the Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

Entered this 10th day of January, 2006.

Michael F. Urbanski
United States Magistrate Judge